IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| BAN KIEN LAM, ) | |
| previously named Ban Lam, ) | |
| HUONG THI TUYET DAO, ) | |
| a/k/a Heather, ) | |
| a/k/a Huong Thi Dao, ) | Case No. 14-CR-0073-CVE |
| JASON ERIC JOHNSON, ) | |
| a/k/a Jay, ) | |
| CHEN CUI FENG, ) | |
| a/k/a Helen, ) | |
| LIEM THANH VU, ) | |
| a/k/a Johnny, ) | |
| TIM MINH TRAN, ) | |
| a/k/a Manh Minh Tran, ) | |
| a/k/a Tim, ) | |
| MINH THANH PHAM, ) | |
| DUC HUY VU, ) | |
| a/k/a Joe, ) | |
| STANLEY WAYNE GUNTER, ) | |
| ARIEL NICOLE ROBINSON DUNN, ) | |
| DENIS HENRI LANGEVIN, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes on for consideration of Defendant Ariel Dunn's Motion to Unseal (Dkt. # 223) and Defendant Dao's Opposed Motion to Unseal Change of Plea Hearing (Dkt. # 226). Defendant Stanley Wayne Gunter and others are charged with conspiracy to commit an offense against the United States (count one), smuggling merchandise into the United States (counts two and three), and conspiracy to commit money laundering (count four). Dkt. # 9. On June 11, 2015, Gunter changed his plea to guilty as to count one of the superseding indictment. At the request of

Gunter's counsel, the Court sealed the courtroom during the portion of the hearing in which defendant described commission of the offense and admitted his guilt, because defense counsel was concerned for defendant's safety. Dkt. # 232, at 25-26. The Court questioned defendant about his conduct, his knowledge of the conspiracy, and the stipulations in the parties' plea agreement. Dkt. # 225. Counsel for the government also made a brief representation of the facts it would be prepared to prove at trial, and counsel clarified certain matters raised by defendant during his allocution. Id. at 25-28. There were no representations that defendant had received any specific threats of harm.

Defendants Huong Thi Tuyet Dao and Ariel Nicole Robinson Dunn ask the Court to unseal the transcript (Dkt. # 225) of Gunter's allocution.[1] Gunter's objection to the motions to unseal appears to assume that the transcript should remain under seal unless the Court finds that Dao and Dunn provide a sufficient basis to unseal the transcript. The Court disagrees that Dao or Dunn have any burden and, instead, there is a strong presumption that criminal proceedings and records of those proceedings should be open to the public. Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 605-606 (1982); United States v. Ledee, 762 F.3d 224, 231 (2d Cir. 2014). "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Waller v. Georgia, 467 U.S. 39 (1984). The Court does not ordinarily seal any portion of a change of plea hearing. In this case, the Court sealed a portion of the change of plea hearing based on defense counsel's representation that defendant would be in danger if defendant's allocution were

---

[1] Dao also asks the Court to unseal any Court minutes placed on the docket sheet concerning the sealed portion of the hearing. The Court has reviewed the docket sheet and can find no sealed minutes concerning the sealed portion of the hearing. There are sealed minutes on the docket sheet (Dkt. # 224), but those minutes relate to an ex parte hearing at which Dao's counsel was present.

not sealed. However, there is no evidence of any specific threats against him, and the risk of harm to defendant is no greater than to any other incarcerated person. Gunter states that unsealing the transcript "will place [Gunter] in the jeopardy outlined at the hearing," but there was no specific risk or threat of harm to Gunter discussed during the change of plea hearing. Dkt. # 234, at 3. The Court finds no evidence that Gunter's safety would be jeopardized by unsealing the transcript, and Gunter and the government would have to identify some other interest that would warrant keeping the transcript under seal.

Gunter argues that the transcript should remain under seal, because the Court inquired about matters beyond the essential elements of the offense and Gunter's counsel would have objected to the Court's questioning if the transcript had not been sealed. Dkt. # 234, at 3. Defendant has not cited any specific questions or topics that went beyond the essential elements of the offense. The Court has reviewed the sealed transcript (Dkt. # 225) and the only aspect of the Court's inquiry that went beyond the essential elements of the offense were the Court's questions as to defendant's custody and prison sentence in Louisiana. However, these questions were directly relevant to stipulations in the plea agreement that defendant's federal sentence would be concurrent to his prison sentence in Louisiana. See Dkt. # 221, at 13. In all other regards, the Court's questions and defendant's statements concerned his role in the charged conspiracy and his knowledge of the other conspirators. The Court has a duty to determine if there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). Defendant claims that his attorney would have objected to certain questions if that portion of the hearing were not under seal. He has not identified any specific questions or topics to which he would have objected, and the Court does not find that the mere possibility that defense counsel would have objected to unspecified questions is a sufficient basis to keep the transcript under seal.

3

The government argues that unsealing the transcript could jeopardize an ongoing investigation, because unsealing the transcript could provide "opportunity to targets to flee, destroy evidence and intimidate witnesses." Dkt. # 236, at 4-5. However, the fact that defendants have been charged with crimes is already a matter of public record, and keeping the transcript under seal will not tend to prevent the destruction of evidence. In addition, other than Dunn, the persons mentioned by defendant during his allocution are co-conspirators already in custody, and unsealing the transcript will not give them an opportunity to flee.

The Court has reviewed the government's and Gunter's objections to the motions to unseal, and the Court finds that the transcript of defendant's allocution should unsealed. The Court relied on Gunter's counsel's assertion that it was necessary to seal the defendant's allocution due to a risk of harm to defendant, but defendant has not identified any specific threats to his safety and it appears that the risk contemplated by defense counsel was only a general risk of harm to incarcerated inmates who change their plea. This would not have been a sufficient reason to seal the transcript of defendant's allocution and it is not a valid reason to keep the transcript under seal. Defendant and the government have not identified any other interest that would justify keeping the transcript (Dkt. # 225) under seal, and they have not overcome the presumption that criminal proceedings and records of those proceedings should be open and available to the public.

**IT IS THEREFORE ORDERED** that Defendant Ariel Dunn's Motion to Unseal (Dkt. # 223) and Defendant Dao's Opposed Motion to Unseal Change of Plea Hearing (Dkt. # 226) are **granted**. The Court Clerk is directed to unseal the transcript (Dkt. # 225) of defendant's allocution.

**DATED** this 30th day of June, 2015.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE